## JAMES FARNET & NOEL & GUIRAUD *v.* THEIR CREDITORS — JOSE MARTINEZ DEL CAMPO, Opponent.

The landlord loses his privilege by permitting fifteen days to elapse after the removal of the goods, without taking action to secure his privilege.

It is impossible to give to an amicable arrangement by an insolvent with a part of his creditors, without a formal assignment and a formal possession, the effect of a *cessio bonorum*, by which the rights of creditors are fixed at the date of the surrender.   *Therefore*, the landlord's privilege is not preserved by such an amicable arrangement, fifteen days having elapsed after the removal of the goods.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.  *Magne*, for insolvents.   *Schmidt*, for opponent and appellant.

SLIDELL, C. J.   *Martinez del Campo*, the owner of a house occupied by the insolvents, was placed on the tableau of distribution as an ordinary creditor. He opposed the homologation on the ground that he should have been ranked as a privileged creditor.   His opposition was unsuccessful, and he appealed.

In the beginning of April, 1852, the goods were removed from *Del Campo's* house, and put on storage in another building.   On the 29th May, *Farnet*, one of the partners of *Noël & Guiraud*, made a surrender, and the usual insolvent proceedings took place.   The District Judge was of opinion that *Del Campo* had lost his privilege in permitting more than fifteen days to elapse, after the removal from the premises, without taking any action.   In this opinion we concur.   The 2675th Article of the Code gives the lessor a right of pledge on the movable effects of the lessee, which are found on the property leased.   And Article 2679 enlarges the right in these words :   " In the exercise of this right the lessor may seize the objects, which are subject to it, before the lessee takes them away, or within fifteen days after they are taken away, if they continue to be the property of the lessee, and can be identified."

It is said that the landlord's rights were preserved in the interval between 1st <span style="float:right">FARNET ET AL<br>*v.*<br>THEIR CREDITORS.</span> of March and the surrender, by an amicable meeting of creditors, at which liquidators were appointed, who were to take charge of the property and act as trustees of all the creditors, until the will of the foreign creditors could be ascertained; the creditors present at the meeting, meanwhile, consenting conditionally to a settlement with the insolvent firm. On an examination of the testimony, which is loose and in some degree conflicting, we find that the creditors present represented a portion only of the liabilities of the firm. They verbally appointed three persons, *Barbry*, *Honold* and *Farnet*, liquidators to supervise the management of the concern; but no formal assignment was made, and they did not take formal possession of the assets. When *Farnet* went away in April, the business of the house was left in the hands of *Honold*, not, it would seem, as trustee for the creditors, but as attorney of the two partners, *Farnet* and *Guiraud*. It is impossible to give to an amicable arrangement of this sort, made by a portion of the creditors, the effect of a *cessio bonorum*, by which the rights of creditors are fixed at the date of the surrender. If formal assignment had been made, and possession had been given, it might have created an equity in favor of *Del Campo* against the creditors who took part in the assignment, but certainly against none others.

Judgment affirmed, with costs.